IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Steven Vernon Bixby, ) | Civil Action No. |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **MOTION FOR STAY OF EXECUTION** |
| ) | **AND APPOINTMENT OF COUNSEL** |
| Bryan Stirling and Joseph McFadden, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Steven Vernon Bixby is an indigent prisoner under sentence of death imposed by the Abbeville County, South Carolina, Court of General Sessions. Through undersigned counsel, Mr. Bixby requests that this Court stay his imminent execution[1] and appoint counsel to represent him in the preparation, presentation, and litigation of his first federal petition for a writ of habeas corpus. Specifically, Mr. Bixby requests that this Court appoint Derek Shoemake of Columbia, South Carolina and Robert Hurley of Durham, North Carolina to represent him. In support of this Motion, counsel submit the following facts and argument.

---

[1] While an execution date for Mr. Bixby has not been scheduled, it is nevertheless imminent following the Supreme Court of South Carolina's denial of his petition for writ of certiorari, seeking review of the denial of post-conviction relief. The Supreme Court of South Carolina denied Mr. Bixby's Petition for Certiorari and issued the remittitur on March 23, 2017. Per South Carolina law, the South Carolina Supreme Court is expected to schedule Mr. Bixby's execution for the fourth Friday following issuance of the remittitur to the circuit court. S.C. Code § 17-25-370; *In re: Stays of Execution in Capital Cases*, 321 S.C. 544, 471 S.E.2d 140 (1996). In order to proceed expeditiously, undersigned counsel submits this motion on Mr. Bixby's behalf in anticipation of issuance of an execution warrant.

## I. RELEVANT PROCEDURAL HISTORY

Mr. Bixby was tried, convicted, and sentenced to death on February 21, 2011, for his role in the shooting deaths of two law enforcement officers in Abbeville, South Carolina. The United States Supreme Court denied *certiorari* on April 25, 2011. *Bixby v. South Carolina*, 131 S. Ct. 2154 (2011).

Mr. Bixby filed an initial application for post-conviction relief on April 25, 2011. Following an evidentiary hearing, the trial court denied post-conviction relief, and the South Carolina Supreme Court denied review of this decision on March 7, 2017.[2]

At that time, no days had elapsed on the one year limitations period for filing a federal habeas corpus petition as prescribed by 28 U.S.C. § 2244(d). No days of the limitations period for filing a federal habeas petition had elapsed because his conviction became final on April 25, 2011, when the United States Supreme Court denied review, § 2244(d)(1)(A), and because the application for state post-conviction relief was filed on April 25, 2011, and remained pending until the South Carolina Supreme Court denied review of the lower court's denial of post-conviction relief. *See* § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"); *see also Artuz v. Bennett*, 531 U.S. 4 (2000) (construing the statutory phrase "properly filed application"). The 365 days remaining on Mr. Bixby's limitations period began to run following the South Carolina

---

[2] Pursuant to *In re: Stays of Execution in Capital Cases*, 321 S.C. 544, 471 S.E.2d 140 (1996), following denial of a petition for a writ of certiorari to review the lower court's denial of post-conviction relief, the Clerk of the South Carolina Supreme Court "shall issue an execution notice when the remittitur is sent to the circuit court." *Id.* at 547, 471 S.E.2d at 141.

2

Supreme Court's March 7, 2017 denial of Mr. Bixby's petition for *certiorari* and issuance of the remittitur. Thus, Mr. Bixby has until March 8, 2018 to file his federal habeas corpus petition.

## II.     THE COURT MUST APPOINT COUNSEL TO REPRESENT BIXBY IN HIS FIRST FEDERAL HABEAS CORPUS PROCEEDING.

Pursuant to 18 U.S.C. § 3599, indigent death-sentenced prisoners are "entitled to the appointment of one or more attorneys" in order to pursue federal habeas corpus remedies.[3] The right to counsel conferred by § 3559 attaches prior to the filing of a prisoner's habeas petition. As the Supreme Court has explained, absent this pre-petition right to counsel, condemned prisoners would not have meaningful access to the remedy of habeas corpus:

> Congress' provision of a right to counsel under [§3559] reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." An attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because "[t]he complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."

*McFarland v. Scott*, 512 U.S. 849, 855-856 (1994) (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)).

In construing § 3599 to require appointment of counsel prior to the filing of the petition, the Supreme Court explained that Congress provided for investigative and expert resources to be made available to counsel upon request and a showing of need. Since these services "may be critical in the pre-application phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified," Congress clearly intended counsel to be appointed

---

[3] This statutory provision was formerly located at 21 U.S.C. § 848(q)(4)(B). Effective October 12, 2008, Congress moved this provision to 18 U.S.C. § 3599.

3

prior to the filing of the habeas petition. *McFarland*, 512 U.S. at 855. It is thus plain that the right to counsel conferred by § 3599 is a right to assistance in identifying, developing, and pleading all available claims for relief, including the record-based claims already raised in the state trial and appeal proceedings, as well as the claims not raised in those proceedings because they are derived from non-record facts which require access to investigative and expert resources.

Moreover, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims. Where this opportunity is not afforded, '[a]pproving the execution of a defendant before his [petition] is decided on the merits would clearly be improper.'" *McFarland*, 512 U.S. at 858 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889 (1983)). Accordingly, once a capital defendant invokes his right to appointed counsel, this Court has jurisdiction to enter a stay of execution. *Id.*; *see also id.* at 857 ("Even if the District Court had granted McFarland's motion for appointment of counsel and had found an attorney to represent him, this appointment would have been meaningless unless McFarland's execution also was stayed.").

The appointment provision of 18 U.S.C. § 3599 requires appointment of at least one attorney who has been admitted to practice in the court of appeals for not less than five years and who has not less than three years' experience in the handling of appeals in that court in felony cases. § 3599(b). Alternatively, for good cause, this Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of litigation." § 3599(d).

Robert Hurley is an attorney specializing in criminal defense in North Carolina. Mr. Hurley has been defending capital cases since 1999 and felony cases since 1986. He has tried at least

4

fifteen cases in state court and seven in federal court. He was admitted to the bar in North Carolina in 1993, the District of Columbia in 1986 (inactive), and Texas in 1985 (inactive).  He obtained his J.D. from the University of North Carolina School of Law and an LLM in Advocacy from the Georgetown University Law Center. Mr. Hurley began his legal career representing indigent defendants in felony and misdemeanor cases at the Georgetown Criminal Justice Clinic in Washington, D.C. He then served as a public defender in Washington D.C. for four years before entering private criminal defense practice in North Carolina. He joined the Center for Death Penalty Litigation in Durham, North Carolina in 1999 as a staff attorney, and gained significant experience litigating capital cases.

Prior to his move to private practice in 2015, Mr. Hurley served as the Capital Defender for the State of North Carolina where he was responsible for recruiting and appointing qualified counsel in every first-degree murder case in North Carolina, reviewing and ruling on requests from defendants for funds to retain experts, consulting with counsel appointed to capital cases, monitoring capital cases to ensure that defendants receive effective assistance of counsel, and implementing policies and procedures designed to improve the level of representation in capital cases. In private practice, Mr. Hurley represents indigent inmates in all stages of proceedings related to their felony charges or convictions. Through the course of his career, he has represented countless indigent defendants in felony trials.

Derek Shoemake is an attorney with the Simmons Law Firm in Columbia, South Carolina. Mr. Simmons is admitted to the bar in South Carolina. Prior to law school, Mr. Shoemake served in the United States Marine Corps. After an honorable discharge, Mr. Shoemake obtained his J.D. from the University of South Carolina, graduating as a member of the Order of the Coif. Mr. Shoemake clerked for the Honorable G. Ross Anderson, Jr., and the Honorable R. Bryan Harwell.

Mr. Shoemake is a member of the CJA Appellate Panel, and has served as first chair on multiple criminal trial cases by CJA appointment. Mr. Shoemake is prepared, in addition to serving as counsel for Mr. Bixby, to serve as local counsel for Mr. Hurley, so that he may be admitted pro hac vice.

Although Mr. Hurley's practice is in North Carolina, he has indicated his willingness to forgo fees and expenses related to the cost of his travel to South Carolina. In light of this willingness, his residing out of state should not weigh against his appointment. *See Christeson v. Roper*, 135 S. Ct. 891, 893 (2015) (noting District Court's failure to address out-of-state substitution counsel's offer to forgo all fees and expenses associated with travel to the jurisdiction).

Mr. Bixby has indicated that he desires to pursue federal habeas relief and requests Mr. Hurley and Mr. Shoemake be appointed to represent him in his federal court proceedings.

### III.    CONCLUSION

Wherefore, for the foregoing reasons, this Court should enter an order staying Mr. Bixby's imminent execution and appointing Robert M. Hurley as lead counsel, and Derek Shoemake as second-chair to assist Mr. Bixby in the preparation and filing of a timely petition for habeas relief.

/s/Daniel J. Westbrook
Daniel J. Westbrook
Federal Bar No. 5078
1320 Main Street, 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC  29201
(803) 799-2000
dan.westbrook@nelsonmullins.com

Columbia, South Carolina
April 3, 2017

6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Steven Vernon Bixby, | ) | Civil Action No. |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PROOF OF SERVICE** |
| BRYAN STIRLING, Commissioner, South Carolina Department of Corrections, and JOSEPH MCFADDEN, Warden, Lieber Correctional Institution | ) ) ) ) | |
| Defendants. | | |

I, Daniel J. Westbrook, hereby certify that I have this date served the **Motion to Stay Execution and for Appointment of Counsel** in the above-captioned case upon counsel for respondent via US Mail:

>Donald J. Zelenka, Esq.
>Melody J. Brown, Esq.
>SC Attorney General's Office
>P. O. Box 11549
>Columbia, SC  29211

/s/_Daniel J. Westbrook_____

April 3, 2017