IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Steven Vernon Bixby, ) | C/A No.: 4:17-cv-00954-BHH-TER |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Bryan P. Stirling, Director, South Carolina ) | |
| Department of Corrections; Joseph ) | |
| McFadden, Lieber Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| ) | |
| ) | |

The petitioner, Steven Vernon Bixby ("Petitioner"), is a state prisoner sentenced to death. This matter is before the court on Petitioner's request for counsel (ECF No. 1) and motion to proceed *in forma pauperis* (ECF No. 2). Respondents filed a response on April 6, 2017 (ECF No. 9) and Petitioner replied on April 11, 2017 (ECF No. 11). Accordingly, these motions are ripe for review.

### Motion for Leave to Proceed *In Forma Pauperis*

Petitioner has filed a motion for leave to proceed *in forma pauperis*, together with an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO-240). The court has reviewed these submissions and finds that Petitioner has shown that he is indigent and qualifies to proceed *in forma pauperis* in this case. Accordingly, the court GRANTS Petitioner's Motion to Proceed *In Forma Pauperis* (ECF No. 2).

### Motion for Appointment of Counsel

Pursuant to 18 U.S.C. § 3599(a)(2), indigent death-sentenced prisoners are "entitled to the appointment of one or more attorneys" to pursue federal habeas corpus remedies. Further,

"the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *McFarland v. Scott*, 512 U.S. 849, 858 (1994). Thus, § 3599 contemplates the appointment of qualified counsel prior to the filing of a petition for writ of habeas corpus. In addition, § 3599 sets forth the required qualifications for appointed counsel in capital cases:

> (c) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.
>
> (d) With respect to subsection[] . . . (c), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

Further, this District has a plan for implementing the Criminal Justice Act, which also governs the qualifications for appointed counsel in these types of cases. *See In re Amendments to the Plan of the U.S. Dist. Ct. for the Dist. of S.C. for Implementing the Criminal Justice Act*, No. 3:10-mc-5005-CIV (D.S.C. May 5, 2010) ("CJA Plan"). Pursuant to the CJA Plan, this District maintains a list of attorneys who have been approved to represent capital habeas corpus petitioners. The CJA Plan requires that "[a]t least one attorney appointed must have been admitted to practice in the District of South Carolina for at least five (5) years or must be on the court's first-tier death penalty list." CJA Plan § VII(A)(1). Further, in appointing counsel for death-sentenced state prisoners, the court is to give "consideration . . . to attorneys who are members of the first-tier of the death penalty CJA panel." *Id.* § VII(A)(2). "However, the Court shall not be precluded from making appointments from the second-tier death penalty CJA panel or from the general CJA panel." *Id.*

Petitioner requests that this court appoint attorneys who have not been approved as members of this court's death penalty CJA panel.[1] Mr. Shoemake is admitted to practice in the District of South Carolina and is a member of the District's CJA Appellate Panel, but the record does not indicate that Mr. Hurley is admitted to practice in South Carolina.

While Petitioner is entitled to counsel, he is not entitled to counsel of his choice, *Christeson v. Roper*, 135 S.Ct. 891, 893-94 (2015) ("Congress has not . . . conferred capital habeas petitioners with the right to counsel of their choice. Instead, the statute leaves it to the court to select a properly qualified attorney."), and the court declines to appoint Mr. Shoemake and Mr. Hurley. Rather, in keeping with this District's Plan for Implementing the Criminal Justice Act, the court appoints two attorneys from the District's CJA Death Penalty Panel Attorney List – Miller Williams Shealy, Jr., of Mount Pleasant, South Carolina, as Lead Counsel and William H. Monckton, VI, of Myrtle Beach, South Carolina, as Second Chair. As members of the death penalty CJA panel, Shealy and Monckton have certified that they are members in good standing of the federal bar of this District and that they are eligible and willing to provide representation under the CJA. In addition, as a member of the District's first-tier, or lead counsel, death penalty CJA list, Shealy has certified that he has been admitted to practice in this District for at least five years and has not less than three years experience handling felony cases. Thus, the court finds that Shealy and Monckton are qualified to represent Petitioner under § 3599.

**Cost Containment and Budgeting**

The court cautions counsel that duplication of efforts and unnecessary attorney time are

---

[1] Petitioner requests the appointment of Derek Shoemake, of Columbia, South Carolina, and Robert Hurley, of Durham, North Carolina to represent him.

to be avoided. The Judicial Council of the United States Court of Appeals for the Fourth Circuit has considered adoption of a resolution governing review of attorney compensation requests in death penalty habeas corpus cases.[2] Under this resolution, any request for compensation in excess of certain amounts ($50,000) per attorney at the district court level is deemed presumptively excessive. While the effective date of this resolution has been stayed pending public comment,[3] the court encourages appointed counsel to make efforts to contain expenses and fees in this matter in light of the stated figure to the extent they can do so without detracting from their representation of Petitioner's positions in this case.

Toward that end, counsel shall submit a confidential proposed litigation budget within 30 days of their appointment to Claire Woodward O'Donnell, Panel Administrator, Federal Public Defender's Office. The proposed budget shall estimate the number of hours counsel anticipates expending for the following stages of the litigation: (1) preparation and filing of the petition for habeas corpus; (2) preparation of legal memoranda in opposition to the respondent's return; and (3) evidentiary hearing, if one is sought. The proposed budget shall also contain cost estimates for investigative, expert, or other services, including law clerks and paralegals, if any. A copy of the proposed budget shall be submitted to this court. Additionally, counsel shall submit interim payment vouchers every 60 days to Ms. O'Donnell for payment consideration and so that costs and fees may be monitored.

---

[2] *See Special Procedures for Reviewing Attorney Compensation Requests in Death Penalty Cases*, http://www.ca4.uscourts.gov/pdf/noticeofresolutionattorneycompensationcapitalcases.pdf.

[3] *See Suspension of Effective Date of Special Procedures for Reviewing Attorney Compensation requests in Death Penalty Cases*, http://www.ca4.uscourts.gov/pdf/noticeofsuspensionresolutionattorneycompensationcapitalcases.pdf.

4

**State Court Record**

For the court's reference and for case management purposes, counsel for Respondents are directed to file a complete record of all state court proceedings to date in connection with this matter within thirty (30) days of this order. Additionally, counsel shall provide one courtesy copy each to the assigned District Judge and Magistrate Judge.

Accordingly, the court orders the following:

(1) Petitioner's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED;

(2) Petitioner's Motion for Appointment of Counsel (ECF No. 1) is GRANTED as set forth above;

(3) Petitioner's counsel shall submit a confidential proposed litigation budget within thirty (30) days of this order; and

(4) Respondents' counsel shall file a complete record of state court proceedings related to this matter within thirty (30) days of this order.

IT IS SO ORDERED.

Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 28, 2017
Florence, South Carolina

5