UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| STEVEN VERNON BIXBY, | ) | C/A No.: 4:17-cv-954-BHH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Order** |
| | ) | |
| WARDEN MCFADDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on the pro se filings by Petitioner Steven Vernon Bixby ("Petitioner"). Petitioner has filed a pro se motion for non-suit (ECF No. 38) and a pro se habeas corpus brief (ECF No. 39). In the habeas corpus brief, Petitioner requests "assistance of counsel" and further indicates his belief that current counsel are not qualified to represent him in this matter. ECF No. 39 at 1, 4. Petitioner further asserts a constitutional right to his counsel of choice and a constitutional right to both file documents and address this Court. ECF No. 39 at 2–3.

The Court notes that counsel has already been appointed to represent Petitioner in this matter and, further, that there is no right to hybrid representation—that is, a petitioner representing himself and also having counsel. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Accordingly, Petitioner should seek relief from this Court through his appointed counsel.

To the extent that Petitioner's habeas corpus brief can be read to ask that appointed counsel be removed and replaced with counsel of his choice, that request is denied. Petitioner does not have a constitutional right to appointed counsel in this habeas case. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). However, as an indigent death-sentenced prisoner, Petitioner does have a statutory right to counsel. *See* 18 U.S.C. § 3599(a)(2). And the court has appointed counsel to represent Petitioner in this matter pursuant to that statute. *See* ECF No. 17. As set forth in this Court's order appointing counsel, the right to counsel does not mean that Petitioner is entitled to counsel of his choice, but the Court has appointed Mr. Shealy and Mr. Monckton to represent Petitioner in this matter, finding them both qualified to do so. ECF No. 17 (citing *Christeson v. Roper*, 135 S. Ct. 891, 893–94 (2015) ("Congress has not . . . conferred capital habeas petitioners with the right to counsel of their choice. Instead, the statute leaves it to the court to select a properly qualified attorney.")). [1]

Accordingly, the Court hereby denies the pro se motion (ECF No. 38) and denies the request to substitute counsel, to the extent Petitioner's pro se brief can be

---

[1] A petitioner does have a right to discharge his attorneys and proceed without counsel; however, that request is not before the court and, for all of the above reasons, he does not have the right to choose to change attorneys or to file pro se as long as he has counsel.

read to make such a request (ECF No. 39). The Court further declines to consider any other claims raised in Petitioner's pro se habeas corpus brief (ECF No. 39). Petitioner should seek relief from this Court through his appointed counsel.

Respectfully submitted,

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

August 3, 2017  
Florence, South Carolina