UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Steven Vernon Bixby, #6024, )<br>)<br>     Petitioner, )<br> vs. )<br>)<br>Bryan P. Stirling, Commissioner, )<br>South Carolina Department of )<br>Corrections; and Willie D. Davis, )<br>Warden, Kirkland Reception and )<br>Evaluation Center, )<br>)<br>     Respondents. ) | Civil Action No. 4:17-cv-954-BHH<br><br>**<u>Opinion and Order</u>** |

Petitioner, Steven Vernon Bixby ("Petitioner"), represented by counsel and under a sentence of death, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. This action is before the Court on Petitioner's motion to alter or amend the Court's March 31, 2020 Order overruling Petitioner's objections, accepting United States Magistrate Judge Thomas E. Rogers' Report and Recommendation, granting Respondents' motion for summary judgment, and denying the petition for a writ of habeas corpus. (ECF Nos. 131, 136, 139.) For the reasons stated below, the motion to alter or amend is granted in part and denied in part.

**LEGAL STANDARD**

The Court's March 31, 2020 Order constitutes a "judgment" under Federal Rule of Civil Procedure 54(a), and Petitioner's motion to alter or amend is properly analyzed under Rule 59(e). A court may grant a motion to alter or amend under Rule 59(e) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citation and quotation marks

1

omitted). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). The Fourth Circuit Court of Appeals has stated that "mere disagreement" with the district court's ruling does not support a Rule 59 motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Moreover, "Rule 59 motions should not be used to rehash issues already ruled upon because a litigant is displeased with the result." *Ridgeway v. Stevenson*, 2011 WL 1466325, at *2 (D.S.C. Apr. 15, 2011) (citing *Hutchinson*, 994 F.2d at 1082).

## **DISCUSSION**

In his motion to alter or amend, Petitioner correctly notes that this Court, in the March 31, 2020 Order, failed to address whether a certificate of appealability should issue under 28 U.S.C. § 2253. *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). This was error and the Court will amend the March 31, 2020 Order to include a ruling on whether a certificate of appealability should issue.

The remainder of the motion to alter or amend does not raise an intervening change in law, reveal new evidence that should be accounted for, or demonstrate clear error in the Court's March 31, 2020 Order. Rather, the motion rehashes issues already raised and disposed of in the Court's prior ruling. The motion provides no basis for reconsideration and is therefore denied.

**CONCLUSION**

For the reasons stated above, Petitioner's motion to alter or amend the Court's March 31, 2020 Order is GRANTED only to the extent that it seeks a determination as to whether a certificate of appealability should issue; in all other respects the motion is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 1, 2021
Charleston, South Carolina