UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Steven Vernon Bixby, #6024,           )<br>                              )<br>                    Petitioner,  )<br>         vs.                 )<br>                              )<br>Bryan P. Stirling, Commissioner,  )<br>South Carolina Department of  )<br>Corrections; and Lydell Chestnut,  )<br>Deputy Warden, Broad River   )<br>Correctional Institution,    )<br>                              )<br>                    Respondents.   ) | Civil Action No. 4:17-cv-954-BHH<br><br>**<u>Opinion and Order</u>** |

Petitioner Steven Vernon Bixby ("Petitioner"), represented by counsel and under a sentence of death, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. This action is before the Court on Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 165), Respondents Bryan P. Stirling, Commissioner, South Carolina Department of Corrections, and Lydell Chestnut's, Deputy Warden, Broad River Correctional Institution (collectively "Respondents"), opposition to the Rule 60(b) motion (ECF No. 171), Petitioner's reply (ECF No. 176), Respondents' supplemental response in opposition (ECF No. 179), and Petitioner's supplemental reply (ECF No. 183). For the reasons stated below, the Rule 60(b) motion is denied.

## **BACKGROUND**

Petitioner was convicted by a jury in February 2007 of the murder of two law enforcement officers, conspiracy to commit murder, kidnapping, possession of a firearm or knife during the commission of a violent crime, and twelve counts of assault with intent to kill. The jury sentenced Petitioner to death for the murders. Petitioner appealed his conviction and sentence to the South Carolina Supreme Court, which affirmed his

1

conviction and sentence. *State v. Bixby*, 698 S.E.2d 572 (S.C. 2010). He next petitioned the United States Supreme Court for certiorari, which petition was denied on April 25, 2011. *Bixby v. South Carolina*, 563 U.S. 963 (2011). Also on April 25, 2011, Petitioner filed his first application for post-conviction relief ("PCR"), which, after a year and a half of investigation and preparation by counsel, was followed by a fifth amended application for PCR on November 24, 2012, raising twelve grounds for relief. The PCR court conducted a five day long evidentiary hearing on December 10–13, 2012 and March 21, 2013, wherein extensive testimony was offered regarding Petitioner's mental health allegations. Following post-hearing briefs, the PCR court denied relief by order of dismissal on January 9, 2015. (PCR App. Vol. XIV pp. 6584–655, ECF No. 23-7 at 112–83.) PCR counsel appealed the decision of the PCR court to the South Carolina Supreme Court, which denied the petition for writ of certiorari on March 7, 2017. PCR counsel then sought review in the United States Supreme Court, which denied the petition for writ of certiorari on October 16, 2017. *Bixby v. South Carolina*, 138 S. Ct. 361 (2017).

Pursuant to 18 U.S.C. § 3599, attorneys Miller W. Shealy, Jr., and William H. Monckton, VI, were appointed to represent Petitioner for purposes of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 17.) Both attorneys were appointed from the District of South Carolina's CJA Death Penalty Panel Attorney List. (*Id.*) Thereafter, attorneys Shealy and Monckton (collectively "habeas counsel") assumed the representation of Petitioner in this federal habeas action. Following the filing of a § 2254 petition and supporting memorandum (ECF Nos. 72 & 72-1), a supplemental memorandum (ECF No. 80), a return and motion for summary judgment (ECF Nos. 83 & 84), a report and recommendation by the U.S. Magistrate Judge (ECF No. 94), objections

by Petitioner (ECF No. 107), and a reply to the objections by Respondents (ECF No. 116), this Court entered an Order overruling the objections, adopting the report and recommendation, granting Respondents' motion for summary judgment, and denying the § 2254 petition. (ECF No. 127.) Petitioner filed a Rule 59 motion to alter or amend judgment, which the Court granted in part, but only to extent the motion sought a determination as to whether a certificate of appealability should issue, and denied in all other respects. (ECF Nos. 131 & 143.) The Court then entered an Amended Order ruling on the report and recommendation, with the only change being the addition of a determination regarding a certificate of appealability. (*See* ECF No. 144 n.1.)

Petitioner filed a notice of appeal as to this Court's Order denying his § 2254 petition and Order denying his Rule 59 motion (ECF No. 145) and is currently appealing these matters in the United States Court of Appeals for the Fourth Circuit. In addition to his Fourth Circuit appeal, Petitioner, now represented by different counsel, is pursuing Rule 60(b) relief in this Court asserting that habeas counsel was grossly negligent and functionally abandoned him during the pendency of his § 2254 petition, constituting a failure to ensure the statutory right to counsel under 18 U.S.C. § 3599, and resulting in habeas counsel's failure to raise direct appeal claims and claims pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). (ECF No. 165.) This matter is ripe for review and the Court now issues the following ruling.

**DISCUSSION**

The threshold question the Court must consider is whether Petitioner's Rule 60(b) motion constitutes an attempt to file a successive habeas petition without satisfying the requirements of 28 U.S.C. § 2244. In *Gonzalez v. Crosby*, the U.S. Supreme Court stated,

3

"Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." 545 U.S. 524, 531 (2005) (citing 28 U.S.C. § 2244(b)(2)). The *Gonzalez* court explained:

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*,[4] since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant, under the substantive provisions of the statutes, is entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.[5]
>
>> n.4. The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.
>>
>> n.5. Fraud on the federal habeas court is one example of such a defect. We note that an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.

*Id.* at 532 (citations omitted) (emphasis in original).

The instant Rule 60(b) motion asserts that habeas counsel committed gross negligence and abandoned Petitioner when they failed to address the key legal issue before the Court under § 2254(d), failed to raise substantial direct appeal claims that drew a dissent from two South Carolina Supreme Court justices, and failed to investigate or file

4

any *Martinez* claims. (ECF No. 165 at 12–23.) Petitioner argues that these errors of omission amount to "extraordinary circumstances" that justify reopening a final judgment under Rule 60(b)(6). (*See id.* at 12–13 (citing *Gonzalez*, 545 U.S. at 533).) Moreover, he asserts that the quality legal representation envisioned by Congress for capital cases, as embodied in the statutory right to counsel in 18 U.S.C. § 3599, "essentially did not occur." (*Id.* at 17.) "Instead," Petitioner contends his attorneys "submitted pleadings wholly lacking in original thought or argument, and wholly failing to address the key legal issues the Court faced under § 2254" (*id.*), "are the only South Carolina federal habeas lawyers in the AEDPA era who failed to raise meritorious federal constitutional claims" from direct appeal (*id.* at 20), and "simply made no effort to [determine the existence of possible *Martinez* claims], even though, as the Supreme Court underscored, *Martinez* claims protect the bedrock right to a fair trial" (*id.* at 21–22). The motion further asserts that Rule 60(b)(1) relief is warranted because habeas counsel's errors of omission resulted in the default of his federal habeas claims, constituting excusable neglect. (*Id.* at 23–26.) Petitioner admits that "what occurred here was not strictly a default judgment," but contends that it was "certainly its functional equivalent" given that habeas counsel failed to plead "his *Martinez* claims and preserved direct appeal claims" and failed to defend his other claims by "failing to advance any argument that [he] could satisfy the preconditions for federal habeas relief set forth in § 2254(d)." (*Id.* at 24.)

   The Court finds that Petitioner's instant Rule 60(b) motion is in substance an unauthorized successive habeas petition over which this Court lacks jurisdiction. The motion repeatedly indicates an intent to raise new grounds for habeas relief, including claims from Petitioner's direct appeal that were not raised in his § 2254 petition and

5

unspecified *Martinez* claims that presumably have yet to be discovered. (*See* ECF No. 165 *passim*.) The fact that this intent to raise new claims is couched in the form of allegations regarding habeas counsel's "gross negligence" and "abandonment" of Petitioner does not alter the fundamental nature of the motion, which seeks an opportunity not to cure a lack of integrity in the proceedings, but to replead the § 2254 petition in a manner that rectifies habeas counsel's alleged omissions. *See Gonzalez*, 545 U.S. at 532 n.5 (noting that a Rule 60(b) motion based on habeas counsel's omissions "ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably"). Moreover, where the motion premises a right to relief on habeas counsel's substandard performance in advocating the § 2254 standard, it clearly implicates, albeit indirectly, the Court's prior adjudication of Petitioner's habeas claims on the merits and seeks a second determination of those claims, along with the new claims, after better advocacy. *See id.* at n.4 (noting that a Rule 60(b) movant makes a veiled habeas claim when the assertions in his motion challenge a district court's previous ruling "on the merits;" that is, a determination that "there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)").

The Fifth Circuit addressed nearly identical circumstances and arguments in *Gamboa v. Davis*, 782 F. App'x 297 (5th Cir. 2019), where the U.S. District Court for the Western District of Texas ruled that Gamboa's Rule 60(b) motion for relief from judgment in his § 2254 action was an impermissible successive habeas petition and the Circuit Court was asked to determine whether a certificate of appealability should issue. In that case, following the affirmance of his Texas state conviction for capital murder and death

sentence, the petitioner was appointed federal habeas counsel pursuant to 18 U.S.C. § 3599. *Id.* at 298. After several extensions of time were granted, Gamboa's habeas counsel filed a "fifty-five page habeas petition alleging seven claims for relief that attacked the constitutionality of the Texas capital sentencing scheme," followed by a "two-paragraph reply, admitting that, '[a]fter considerable review and reflection,' each claim in Gamboa's habeas petition was foreclosed by precedent." *Id.* at 298–99. Gamboa's Rule 60(b) motion alleged abandonment by his habeas counsel during the habeas proceedings, "culminating in [counsel's] filing of a petition with seven generic claims . . . that were copied and pasted from another client's petition." *Id.* at 300. Gamboa argued that his counsel's alleged abandonment, "depriv[ed] him of the quality legal representation guaranteed in his federal habeas proceedings under § 3599, and that the proceedings should therefore be reopened to cure that defect." *Id.* at 299.

The district court rejected Gamboa's assertion that he did not seek to advance new claims, but only wished to litigate his entitlement to adequate representation under § 3599, stating, "Should [Gamboa] succeed on the current motion for relief from judgment, the only result would be that [he], at some point in the future, would be given the opportunity to present claims (through new counsel) that were not presented in his original federal habeas proceedings because of [counsel's] alleged abandonment." *Gamboa v. Davis*, No. CV SA-15-CA-113-OG, 2017 WL 11368194, at *2 (W.D. Tex. Oct. 6, 2017). In construing Gamboa's Rule 60(b) motion as a successive habeas petition, the district court found that the "motion itself indicates an intent to eventually raise new claims," namely, those potential and preserved claims that Gamboa's counsel failed to investigate and present, which failure allegedly constituted abandonment. *Id.* The district court stated:

7

> Although Petitioner does not specifically announce his intention to raise these claims once he is "restored" to the position he was in before federal relief was denied, it is clear he is using his abandonment allegation as a means to re-open the proceedings for the ultimate purpose of eventually raising and litigating new claims. That is the very definition of a successive petition.

*Id.*

The Fifth Circuit noted that Gamboa argued on appeal that his counsel's actions "exceeded ordinary attorney omissions and amounted to 'wholesale abandonment,' depriving him of his statutory right to counsel under § 3599." 782 F. App'x at 301. However, the Fifth Circuit was not persuaded by this argument and upheld the district court's denial of the motion, concluding, "Troubling though Gamboa's allegations of attorney abandonment may be, reasonable jurists would not debate the district court's holding that his Rule 60(b) motion was an unauthorized successive habeas petition[.]" *Id.*

The Court finds the reasoning and analysis of the district court and the Fifth Circuit in *Gamboa* to be persuasive. It reinforces the determination that, under a *Gonzalez* analysis, the instant Rule 60(b) motion is an attempt to file a successive habeas petition without prior authorization from the Fourth Circuit. Given this conclusion, it would be extraneous for the Court to weigh in on the question, implicit in Petitioner's Rule 60(b) motion, whether there is some threshold degree of competence or effectiveness that habeas counsel must attain in order to satisfy the statutory right to counsel under 18 U.S.C. § 3599, and whether Petitioner's habeas counsel satisfied that standard in this case. While it is no secret that the undersigned was troubled by habeas counsel's performance in the underlying § 2254 proceedings, it is not this Court's prerogative to establish a new test for effectiveness in capital habeas cases by way of "gross negligence" and "functional abandonment" theories. The fact remains that habeas

8

counsel filed a timely § 2254 petition raising numerous grounds for relief, timely filed a response in opposition to Respondents' motion for summary judgment, and filed objections to the Magistrate Judge's report and recommendation, all of which were resolved when this Court, where appropriate under law, ruled upon Petitioner's habeas claims on the merits.

## CONCLUSION

For the reasons stated above, Petitioner's motion for relief from judgment pursuant to Rule 60(b) is construed as an unauthorized successive habeas petition and is DENIED.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

July 22, 2022
Charleston, South Carolina