IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Steven Vernon Bixby, #6024, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Bryan P. Stirling, Commissioner, )<br>South Carolina Department of )<br>Corrections; and Lydell Chestnut, )<br>Deputy Warden, Broad River )<br>Correctional Institution, )<br>)<br>Respondents. )<br>_____ ) | Civil Action No. 4:17-cv-954-BHH<br><br>**<u>ORDER</u>** |

On January 5, 2024, the United States Court of Appeals for the Fourth Circuit issued a published opinion vacating and remanding this matter with instructions, and the mandate was issued on January 16, 2024. *See Bixby v. Stirling, et al.*, No. 22-4. (ECF Nos. 198, 199.) In its opinion, the Fourth Circuit agreed with this Court that Petitioner Steven Vernon Bixby's prior motion to reopen judgment under Federal Rule of Civil Procedure 60(b) (ECF No. 165) was not a true Rule 60(b) motion but was instead an attempt by Bixby to use Rule 60(b) to circumvent the statutory limits placed on second or successive petitions filed pursuant to 28 U.S.C. § 2254. However, the Fourth Circuit explained that this Court should have dismissed Bixby's motion rather than denied it because this Court lacked jurisdiction. Accordingly, the Fourth Circuit vacated and remanded with instructions to dismiss for lack of subject matter jurisdiction. (ECF No. 198 at 32.)

After review, and for the reasons set forth in this Court's prior order and in the Fourth Circuit's published opinion, the Court construes Bixby's Rule 60(b) motion as an

unauthorized second or successive § 2254 petition over which this Court lacks jurisdiction. Accordingly, the Court hereby **dismisses** Bixby's motion (ECF No. 165) for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**

/s/Bruce H. Hendricks<br>United States District Judge

April 10, 2024
Charleston, South Carolina